UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RICHARD DAVIS, | ) | |
| Petitioner, | ) ) | Civil Action No. 5:25-256-DCR |
| v. | ) ) ) | |
| WARDEN DAVID PAUL, | ) | **MEMORANDUM ORDER** |
| Respondent. | ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate/Petitioner Richard Davis is incarcerated at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Davis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons ("BOP") is improperly calculating the date he is eligible for home confinement and displaying a deliberate indifference to his serious medical needs, justifying his release from prison. [Record No. 1] Upon initial screening pursuant to 28 U.S.C. § 2243, the Court has determined that the petition should be denied because Davis has not yet fully exhausted his administrative remedies. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

There is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally *via* a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. And if the prisoner is not satisfied with the

Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

It is apparent that Davis has not yet fully exhausted his administrative remedies. In fact, he indicates that he did not fully exhaust his administrative remedies [Record No. 1 at 14], and he attaches various documents showing that, to date, he has only proceeded through the BP-9 stage. [*See* Record No. 1-1.] Although Davis claims that "[r]equiring exhaustion of administrative remedies would cause irreparable harm" [Record No. 1 at 14], he neither clearly explains why this would be the case nor identifies any legal authority that allows him to bypass the rest of the administrative grievance process and immediately proceed with his § 2241 petition.

Where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading itself, *sua sponte* dismissal is appropriate. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust). Accordingly, it is hereby **ORDERED** as follows:

1. Davis's petition for a writ of habeas corpus [Record No. 1] is **DENIED** without prejudice.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: July 23, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky